IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WILLIE ODOM, | : | HON. JEROME B. SIMANDLE |
| Plaintiff, | : | Civil No. 07-1548 (JBS) |
| v. | : | |
| | : | **OPINION** |
| INTENSIVE SUPERVISION PROGRAM, | : | |
| Defendant. | : | |

APPEARANCES:

Mr. Willie Odom
#557316
SBI #412806C
Southern State Prison
P.O. Box 150 (Compound B)
Delmont, NJ 08314
      Plaintiff pro se

David B. Bender, Deputy Attorney General
OFFICE OF THE NJ ATTORNEY GENERAL
Division of Law & Public Safety
25 Market Street
P.O. Box 112
Trenton, NJ 08625-0112
      Attorney for Defendant

**SIMANDLE**, District Judge:

        This matter comes before the Court upon its own motion to

appoint pro bono counsel for Plaintiff, Willie Odom, pursuant to

28 U.S.C. § 1915(e)(1).  Plaintiff is a prisoner who is presently

confined at Southern State Prison ("SSP") in Delmont, New Jersey.

He filed this lawsuit alleging that he had been denied access to

the Intensive Supervision Program (the "ISP") – an "intermediate

form of punishment" created as an alternative to prison and

operated by the New Jersey Judiciary's Administrative Office of
the Courts, (Def.'s Opp'n Br. 1) – on account of the fact that he
suffers from schizophrenia.  For the reasons set forth below, the
Court will order that counsel be appointed to represent Plaintiff
pursuant to 28 U.S.C. § 1915(e)(1).

## I.    BACKGROUND

Plaintiff was sentenced on July 10, 2006 to a four-year term
of imprisonment for aggravated arson.  On July 12, 2006, he
applied for admission to the ISP.  The ISP, as documents provided
by Defendant indicate, was created by the New Jersey legislature
in 1983 in response to the problem of prison overcrowding, and
serves as an intermediate form of punishment between imprisonment
and probation.  (Def.'s Br. Ex. 1.)  The ISP's Screening Board
determined that because Plaintiff suffers from schizophrenia and
has not always taken his medication, his "needs exceed the scope
and resources of the program."  (Def.'s Br. Ex. 2.)  Plaintiff's
application to ISP was accordingly denied on February 9, 2007.
(Def.'s Br. Ex. 3.)

Plaintiff filed this Complaint on April 3, 2007 [Docket Item
1].  In his Complaint, Plaintiff alleges that Defendant violated
his "Constitutional Amendment by denying [him] admission due to
[his] mental health disability."  (Compl. at 2.)  Plaintiff seeks
compensatory and punitive damages and injunctive relief.  (Id. at
5.)

On June 4, 2007, Plaintiff filed a motion to appoint pro

bono counsel, (Docket Item 7), which, in an Order dated June 6,

2007, (Docket Item 11), the Magistrate Judge denied as untimely

without prejudice to Plaintiff's refiling his motion after

Defendant filed a responsive pleading.  Once Defendant filed its

motion to dismiss, Plaintiff renewed his request for the

appointment of pro bono counsel.  (Docket Item 23.)  After

reviewing Plaintiff's motion in light of the factors set forth in

Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993), cert. denied, 51

U.S. 1196 (1994), Magistrate Judge Donio denied Plaintiff's

motion without prejudice.  (Docket Item 28.)  Construing

Plaintiff's Complaint as "assert[ing] a Fourteenth Amendment

Equal Protection claim," Magistrate Judge Donio found "that the

law regarding Plaintiff's claim is reasonably well-settled, and

there is no indication that the claim is too complex to warrant

appointment of counsel."  (Id. at 6.)  Magistrate Judge Donio

further found that Plaintiff appeared capable of presenting his

own case and that his claims did not appear to require factual

investigations, expert testimony, or credibility determinations,

which all weighed against the appointment of counsel.  (Id. at 4-

8.)

    After reviewing Plaintiff's Complaint, Defendant's motion to

dismiss, and Magistrate Judge Donio's Order declining to appoint

pro bono counsel without prejudice,[1] the Court has determined

that it is appropriate to revisit the question of whether the

appointment of pro bono counsel for Plaintiff is in order.

## II.   DISCUSSION

Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an

attorney to represent any person unable to afford counsel."  As

the Court of Appeals has emphasized, the "appointment of counsel

under § 1915[(e)] may be made at any point in the litigation and

may be made by the district court sua sponte."  Tabron, 6 F.3d at

156; see also Williams v. Hayman, 488 F. Supp. 2d 446, 447

(D.N.J. 2007) ("Where an unrepresented Plaintiff in a civil suit

is indigent, and where good cause exists for the appointment of

pro bono counsel under 28 U.S.C. § 1915(e)(1), the District Court

has the discretion and authority to appoint pro bono counsel even

in the absence of a specific motion to do so . . .").  The

Court's decision as to whether to appoint pro bono counsel is

informed by: (1) the plaintiff's ability to present his own case;

(2) the complexity of the legal issues raised by the plaintiff's

claims; (3) whether a factual investigation will be necessary to

the prosecution of the claims; (4) whether the case is likely to

turn on credibility determinations; (5) whether the claims

---

[1]   Because the denial of counsel was without prejudice, it
is not necessarily entitled to the status of determining the law
of the case.  The decision whether to appoint counsel can be
revisited under 28 U.S.C. § 1915(e)(1) at any time.

require the presentation of expert testimony; and (6) whether the plaintiff can afford counsel on his own behalf.  <u>Tabron</u>, 6 F.3d at 156-57.

The Court finds that the complexity of the legal issues raised by Plaintiff's claims warrants the appointment of pro bono counsel to assist him in prosecuting his case.  The Court agrees with the Magistrate Judge that on its face, Plaintiff's Complaint appears to assert an Equal Protection claim alleging discrimination on account of his psychological disability, and "that the law regarding [such a] claim is reasonably well-settled."  (Docket Item 28 at 6.)  However, in light of the fact that Plaintiff filed his Complaint <u>pro</u> <u>se</u>, the Court "must liberally construe his pleadings, and . . . apply the applicable law, irrespective of whether the <u>pro</u> <u>se</u> litigant has mentioned it by name."  <u>Dluhos v. Strasberg</u>, 321 F.3d 365, 369 (3d Cir. 2003) (citation omitted); <u>see</u> <u>also</u> <u>Ordille v. United States</u>, No. 01-3503, 2005 WL 2372963, *9 (D.N.J. 2005) (noting that "charges of discrimination are generally construed broadly").

Seen through the lens of this liberal standard, the Court finds that, in addition to asserting an Equal Protection claim, Plaintiff's Complaint must also be read as asserting a claim based on Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, <u>et</u> <u>seq.</u>  <u>See</u> <u>Galloway v. Superior Court of District of Columbia</u>, 816 F. Supp. 12, 18-19 (D.D.C. 1993)

(noting that a program operated by state court system is subject to Title II of the ADA).  While Plaintiff did not reference the ADA in his Complaint, the factual allegations in his pleadings – specifically, his allegation that he was denied "admission [to the ISP] due to [his] mental health disability," (Compl. at 2) – are sufficient to put Defendant on notice of an ADA claim, even though the Complaint does not "mention[ the ADA] . . . by name." <u>Dluhos</u>, 321 F.3d at 369 (citation omitted).  The Court finds that such a claim is at least arguably meritorious – the New Jersey Judiciary's Administrative Office of the Courts appears to be a "public entity" within the meaning of § 12131(1)(B), <u>see</u> <u>Galloway</u>, 816 F. Supp. at 18-19, and Plaintiff's Complaint alleges that he was "excluded from participation in . . . the . . . programs . . . of a public entity" on account of his disability.  § 12132.

When it is construed as asserting a claim under Title II of the ADA, Plaintiff's Complaint appears to raise more complex legal issues than those implicated by his more straightforward Equal Protection claim.  In particular, Plaintiff's ADA claim and the sovereign immunity defense raised in Defendant's motion to dismiss suggest that this case may require the adjudication of an unresolved and potentially difficult legal question: whether a damages claim brought pursuant to Title II of the ADA against the New Jersey Judiciary's Administrative Office of the Courts is

barred by the Eleventh Amendment where the alleged ADA violation

would not also violate the Fourteenth Amendment.  See Bowers v.

NCAA, 475 F.3d 524, 554-556 (3d Cir. 2007) (explaining that the

determination of whether Title II abrogates state sovereign

immunity turns on, inter alia, whether "whether the rights and

remedies created by the statute are congruent and proportional to

the constitutional rights it purports to enforce and the record

of constitutional violations adduced by Congress").

As the Court of Appeals explained in Tabron, "[t]he court

should be more inclined to appoint counsel if the legal issues

are complex," and "where the law is not clear, it will often best

serve the ends of justice to have both sides of a difficult legal

issue presented by those trained in legal analysis."  Tabron, 6

F.3d at 156 (internal quotations and citations omitted).  The

Court finds, in light of the complexity of the issues raised by

Plaintiff's ADA claim, that Plaintiff would have difficulty

prosecuting this case without the assistance of counsel, and that

the Court's adjudication of those issues would be substantially

facilitated if it had the benefit of effective legal advocacy

from both parties.  Id.

While it is not clear that Plaintiff's ADA claim will

require factual investigations, expert testimony, or credibility

determinations, the Court of Appeals has made clear that none of

the factors identified in Tabron is determinative and that not

all of the factors need be satisfied in order to warrant the appointment of counsel.  See Id. at 157; see also Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).  The Court thus finds that the appointment of pro bono counsel is appropriate in this case.

## III. CONCLUSION

For the reasons explained above, the Court will enter an appropriate Order requesting the appointment of pro bono counsel to represent Plaintiff and dismissing the pending motion to dismiss, without prejudice, to be reinstated at the request of Defendant once counsel has been appointed.


**June 12, 2008**                            **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        United States District Judge